UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-00080-D

| | |
|---|---|
| EXCLUSIVE JETS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRAVELCONFIRM<br>AEROLEASE, INC.<br><br>　　　　　Defendant. | **CONSENT PROTECTIVE ORDER** |

This matter came before the undersigned upon the Consent Motion for Entry of Consent Protective Order (the "Motion") filed by Plaintiff and consented to by Defendant (Plaintiff and Defendant are sometimes referred to as a "Party" or collectively as the "Parties") for the entry of an order permitting the disclosure of certain information by and between them in the course of discovery and in an effort to protect the confidentiality of the information, should that information be considered confidential and/or proprietary. Based on the consent and mutual agreement of the Parties, the Court hereby allows the Motion.

Accordingly, upon the agreement of the Parties as indicated by signatures of their respective counsel below, it is hereby ORDERED that:

1. **Designation of Confidential Information.** The Parties may designate information to be confidential as provided in this Order. Any information, documents, or media produced in this action which a Party asserts contains or constitutes confidential information must be clearly and prominently marked on its face with the legend "CONFIDENTIAL" or a comparable notice. If a Party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an

[114875-00033/3214249/1]　　　　　　　　1

informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation.

2. **Claw-back notification.** If either of the Parties discovers that it produced or disclosed privileged, confidential, or otherwise protected information without a designation as confidential, the Party may promptly notify the receiving party and identify with particularity the information to be designated as confidential. The receiving party may then request substitute production of the newly-designated information that withdraws or redacts the information subject to the claimed protection. Within 30 days of receiving the claw-back notification, the receiving party must: (1) certify that it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the receiving party was under no duty of confidentiality under the terms of this Order regarding that information, the receiving party must reasonably provide as much information as practicable to aid in protecting the information.

3. **Parties' Use of Confidential Information.** The Parties may only use confidential information for the investigation and prosecution of the current dispute between the Parties, including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement processes and any pre-trial, trial and post-trial proceedings in this matter. Confidential information may not be used by or disclosed to any person for any other purpose except as provided in this Order.

4. **Disclosure of Confidential Information.** Any information designated as confidential may not be disclosed to anyone except the following:

   a. The Court and its personnel;

    b. The Parties and their counsel of record, designees, employees (including paralegals and support staff), successors and assigns, other legal counsel or tax or financial professionals of the Parties;

    c. Experts or consultants specifically retained by the Parties or their attorneys to assist them in the preparation of any case, including both consulting and testifying experts, and attorneys and law firms with whom counsel for the Parties may consult regarding this matter, <u>but only after execution of a confidentiality agreement as provided for herein below</u>;

    d. Court reporters or videographers engaged to record depositions, hearings, or the trial of this action;

    e. Witnesses (and their counsel, if any) at any deposition or witnesses or jurors at any trial of this matter;

    f. Mediators; and,

    g. Applicable insurers, if any.

  5. **Confidentiality Agreement.** Before any confidential information is disclosed to any vendors of counsel for the Parties, or to anyone other than the Court, the Parties, the Parties' counsel of record, or the Parties' insurers, if any, counsel for the disclosing party shall inform the person to whom the disclosure is to be made that such material is confidential and subject to a protective order issued by the Court, the terms of which are binding on that person, that the confidential information shall be used only for the purpose of the prosecution or defense of any action or for mediation, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the disclosing party shall take reasonable steps to ensure that the person to whom the disclosure is made complies with this Order, and shall maintain the original signed confidentiality agreement.

  6. **Use of Confidential Information in Court Proceedings.**

    a. Attendance at depositions at which confidential information is identified, discussed, or disclosed must be limited to persons subject to the terms of this Order as identified in paragraph 3.

b. The provisions of Local Civil Rule 79.2, including the requirements of Section V.G.1 of the Policy Manual cited within Local Civil Rule 79.2, will govern requests from the Parties to file confidential information with the Court under seal.

c. Pursuant to Section V.G.1 of the Policy Manual, except for motions filed under seal in accordance with Section V.G.1.(f), each time a Party seeks to file under seal, the Party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing Party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing Party must submit a supporting memorandum that specifies:

   i. The exact document or item, or portions thereof, for which the filing under seal is requested;

   ii. How such request to seal overcomes the common law or the First Amendment presumption to access;

   iii. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

   iv. The reasons why alternatives to sealing are inadequate; and

   v. Whether there is consent to the motion.

   vi. **In addition to the motion and supporting memorandum, the filing Party must set out findings supporting these specifications in a proposed order to seal.**

d. Except as otherwise authorized by the Court, confidential information (or those portions of depositions in which confidential information is introduced or discussed) shall not be publicly filed or referred to in publicly filed documents, pleadings, arguments and/or testimony presented in connection with this litigation other than as provided in this Order.

7. **Non-Waiver of Objections.** This Order is without prejudice to the right of either Party to make any objection regarding discovery permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any statute or other authority. Specifically, pursuant to Federal Rule of Evidence 502(d), nothing in this Order waives potential privilege claims or work-product protection asserted by a Party concerning the confidential information, and nothing in this Order waives the right of any Party to challenge such assertions.

8. **Modification.** This Order is without prejudice of the right of either Party to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with regard to any other confidential information.

9. Prior to trial, the Court will discuss with the Parties and order an appropriate procedure for the use of confidential information at or during the course of trial.

Entered this __3__ day of __April__, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge

**We Consent:**

/s/ John P. Marshall
John P. Marshall
jmarshall@whiteandallen.com
N.C. State Bar #16732
Christopher J. Waivers
cwaivers@whiteandallen.com
N.C. State Bar #48283
WHITE & ALLEN, P.A.
P. O. Box 3169
Kinston, N.C. 28502-3169
Tel.: (252) 527-8000
Attorneys for Plaintiff

/s/ K. Alan Parry
K. Alan Parry
kap@parryfirm
N.C. State Bar # 31343
PARRY LAW, PLLC
The Europa Center
100 Europa Drive, Suite 351
Chapel Hill, NC 27517
Tel.: (919) 913-3320
Fax: (919) 869-2600

/s/Robert L. Blumenfeld
Robert L. Blumenfeld
bblu@acaciapark.com
Texas State Bar # 00783675
MENDEL BLUMENFELD &
   PULIDO, PLLC
304 Texas Ave., Suite 1503
El Paso, Texas 79901
Tel.: (915)587-7878
Fax: (915)587-8808
Attorneys for Defendant

## EXHIBIT A

## Confidentiality Agreement

The undersigned acknowledges the reading of and familiarization with the terms of the Consent Protective Order (the "Order") in the matter of *Exclusive Jets, LLC v. TravelConfirm Aerolease, Inc.*, currently pending in the United States District Court for the Eastern District of North Carolina in case number 4:22-CV-00080, and the undersigned further agrees to abide by all terms of said Order and not to reveal or otherwise communicate any of the information disclosed pursuant to the Order, except in accordance with terms of the Order. The undersigned further agrees not to make any use of the information obtained, whether in document or any other form, other than for purposes of evaluation or litigation arising out of this mater, and further agrees to return to counsel of record or to destroy not later than 30 days after notification of the termination of this litigation, any and all documents in the possession of the undersigned, containing information which is the subject of this Order. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina, including its contempt power, for enforcement of this Order.

_____

(Signature)

_____

(Date)

JPM #252
114875-00033